OPINION
{¶ 1} Nicole Meyers, the former spouse of Sean Wimer and the mother of their three young children, appeals from a judgment dismissing her petition for a domestic violence civil protection order. The petition for civil protection order was filed March 27, 2003, and an ex parte civil protection order was entered against Mr. Wimer that same date. The matter came on for hearing before a magistrate on July 16, 2003, and August 13, 2003. Testifying at the evidentiary hearings were Mrs. Meyers, Mr. Wimer, and Todd Reed, a licensed professional clinical counselor. The magistrate also interviewed Amanda Wimer, the parties' nine-year-old daughter, in camera, July 16. On August 27, the magistrate entered an order dismissing the petition and vacating the previously entered ex parte civil protection order. Mrs. Meyers filed, among other things, objections to the magistrate's order and the matter eventually came before the trial court, which overruled the objections and reiterated the order of the magistrate dismissing the petition and vacating the ex parte civil protection order of March 27, 2003. In its decision and judgment, the trial court indicated that it had reviewed the entire transcript, including the interview with Amanda.
 {¶ 2} "1. The trial court's decision to dismiss the protection order was a clear abuse of discretion and against the manifest weight of the evidence."
 {¶ 3} The petition was primarily based upon an incident occurring March 14, 2003, which involved an alleged altercation between Mrs. Meyers' father and Mr. Wimer, and an incident occurring on March 18, 2003, where Mr. Wimer allegedly told Amanda that if Mrs. Meyers did not accord him visitation with her and her brother and sister, Mrs. Meyers would die.
 {¶ 4} At the hearing, Mr. Wimer emphatically denied assaulting Mrs. Meyers' father and testified that it was her father who confronted him. Mr. Wimer was the only witness to testify on the subject, and the magistrate concluded that Mr. Wimer had not assaulted Mrs. Meyers' father.
 {¶ 5} Amanda did relate that on March 18, her father had come to her school to visit her and had told her that her mother would die if she did not afford him visitation time. Mr. Reed, who had been counseling both of the two older children for a period of almost two years, also testified, over objection, that Amanda had related this incident to him. Mr. Wimer emphatically denied making such a threat to Amanda about her mother, and the court concluded that Mr. Wimer's testimony was credible. Specifically, the magistrate stated ". . . the court was unable to determine if the statement by the minor child (Amanda) was something that the child actually remembered or if it was something that the child recalled as a result of the story being told to the child. The child was unable to remember any other details of her life other than this specific incident."
 {¶ 6} On appeal, Mrs. Meyers appears to have abandoned the incident involving her father as a basis for the petition for a civil protection order. However, she does contend that the trial court's conclusion that she had failed to establish the March 18 threat upon her life by Mr. Wimer to Amanda is against the manifest weight of the evidence.
 {¶ 7} It is fundamental that questions of credibility are primarily the province of the trial court. Like the trial court, in response to Mrs. Meyers' objections, we have reviewed the transcript of the testimony and the interview of Amanda. We find no unreasonableness in the trial court's determination that Mrs. Meyers' evidence failed to establish that the March 18 incident, as alleged in her petition, actually occurred. Accordingly, the first assignment of error is overruled.
 {¶ 8} "2. The trial court abused its discretion because it failed to apply the appropriate standard in determining appellant's fear of imminent serious physical harm by appellee."
 {¶ 9} Domestic violence consists, among other things, of placing another person by the threat of force in fear of imminent serious physical harm. See R.C. 3113.31(A)(1)(b). We have held that the test for fear of imminent serious physical harm is the victim's subjective belief that the threat of force will result in imminent serious physical harm.West v. West (Dec. 7, 1994), Montgomery App. No. 14600. Mrs. Meyers criticizes the trial court for not applying the "subjective belief" standard. Specifically, she complains that "the court used its own discretion based on who was thought more credible and not the correct standard in judging (her) and the children's subjective fears of (Mr. Wimer)."
 {¶ 10} The problem with Mrs. Meyers' argument is that it presupposes the existence of the threat upon Mrs. Meyers' life on March 18. The trial court determined that she had not established that this threat actually occurred. It is only upon a determination that such an incident occurred that the court would be called upon to determine if Mrs. Meyers and her children subjectively believed that Mr. Wimer would cause them imminent serious physical harm. Accordingly, the second assignment is overruled.
 {¶ 11} The judgment will be affirmed.
Grady, J. and Young, J., concur.
(Hon. Frederick N. Young sitting by assignment of the Chief Justice of the Supreme Court of Ohio).